FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ AUG 7 '14 ★

BROOKLYN OFFICE

DF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
RAMON GENAO,

                Plaintiff,

    -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTIONS, and CORRECTION
OFFICER JOHN DOE #1,

                Defendants.
------------------------------------------------------------- X

14-CV-1341 (ARR)(CLP)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

On February 27, 2014, plaintiff Ramon Genao ("plaintiff"), through counsel, initiated the instant proceeding under 42 U.S.C. §§ 1981, 1983, and 1985 for alleged violations of his civil rights. Compl., Dkt. #1. On May 8, 2014, defendants requested a pre-motion conference regarding an anticipated motion to dismiss. Dkt. #9. The court determined that a pre-motion conference was not necessary and set a briefing schedule for defendants' motion.

On June 10, 2014, plaintiff's counsel requested a 45-day enlargement of the briefing schedule because counsel was "unable to locate [plaintiff] to inform him of the motion and to discuss with him whether or not he wants [counsel] to consent to discontinue or to oppose" the motion. Dkt. #11. At that time, plaintiff had been released from imprisonment by the State of New York apparently into immigration detention. Id. The court granted the enlargement.

By July 21, 2014, there had been no update as to plaintiff's whereabouts or whether he intended to pursue his lawsuit, and defendants requested that the court set a deadline for plaintiff to inform the court whether he intended to pursue the suit. Dkt. #12. On July 22, 2014, the court

issued an order directing plaintiff's counsel to inform the court by July 28, 2014, whether plaintiff intended to pursue the action. The court warned plaintiff that, if he failed to inform the court of his intentions by July 28, his complaint "may be dismissed with or without prejudice." Plaintiff, however, failed to make his intentions known by that date.

On July 30, 2014, the court issued an order directing plaintiff to show cause by August 4, 2014, why this action should not be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Dkt. #14. Plaintiff failed to show cause by that date, and, in fact, neither he nor his counsel have made any appearance in this action since counsel's June 10 letter.

In determining whether it is an appropriate exercise of judicial discretion to dismiss a suit for failure to prosecute, courts consider principally: "(1) the duration of plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether [care has been taken] to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) . . . the efficacy of lesser sanctions." Nita v. Conn. Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994) (internal alterations, ellipses, and quotation marks omitted).

As to the first factor, duration, it has been nearly two months since plaintiff's counsel first filed his letter requesting additional time to locate his client and discuss how plaintiff wished to proceed. Although two months is not a particularly long period of delay, plaintiff has taken no action in the case since he filed proofs of service in March, almost five months ago. Moreover, the delay is entirely attributable to plaintiff, who has failed to contact the court and

cannot be located by his own counsel. See Jenkins v. City of N.Y., 176 F.R.D. 127, 129 (S.D.N.Y. 1997). As to the second factor, plaintiff has received two warnings from the court that his complaint could be dismissed for failure to prosecute, most recently in the order to show cause. "Any present effort to further warn [p]laintiff of this action would be futile due to the Court's lack of knowledge as to his whereabouts." Id. As to the third factor, although there is no particularly grave danger of prejudice to defendants that is apparent in this case if dismissal is further delayed by a few months, there also appears to be little fairness or efficiency in allowing the action to proceed if plaintiff does not intend to appear or prosecute his suit. Finally, dismissal is to be employed "only when [the court] is sure of the impotence of lesser sanctions." Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1999). In this case, "the imposition of lesser sanctions would have no effect" because plaintiff cannot be located. Jenkins, 176 F.R.D. at 130. The court has no means of contacting plaintiff except through his counsel, who has not responded to the court's last two orders and, to the court's knowledge, has been unable to locate his client.

For the foregoing reasons, plaintiff's action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

/s/(ARR)
_____
Allyne R. Ross
United States District Judge

Dated: August 6, 2014
Brooklyn, New York